**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-03122-001-TUC-RM (LAB) |
| Plaintiff, | **ORDER** |
| v. | |
| James Tyler Ciecierski, | |
| Defendant. | |

 Pending before the Court is Defendant James Tyler Ciecierski's Appeal from Magistrate Judge Detention Order. (Doc. 34.) Defendant, who is currently in custody, appeals Magistrate Judge D. Thomas Ferraro's April 1, 2020 order of detention. (Doc. 32.) The Government responded to the Appeal. (Doc. 35.) The Court, having conducted de novo review of the record, will affirm the order of detention.

 Defendant was indicted on November 26, 2019 with bank robbery in violation of 18 U.S.C. § 2113(a). (Doc. 10.) Pretrial Services evaluated Defendant and the November 20, 2019 Bail Report indicates that Defendant was assessed to pose a risk of nonappearance based on his use of illicit substances, including fentanyl and heroin, recent residential instability, his pending misdemeanor case, a recent failure to appear in a traffic matter, and his mental health information, including his recent suicide attempt. (Doc. 5.) The Bail Report recounts Defendant's criminal history, which includes

numerous criminal charges, including multiple charges of marijuana possession and use, dating back to 2014. (*Id.*)

A detention hearing was held on December 3, 2019 and Defendant was ordered released pursuant to conditions, including that he reside at Community Bridges, Inc. (CBI), a residential drug treatment facility in Tucson, Arizona, beginning on December 24, 2019. (Docs. 14, 18.) Defendant remained detained until his release to CBI. (Doc. 35.)

On February 27, 2020, a petition to revoke pre-trial release was filed, alleging that Defendant had used fentanyl while at CBI. (Docs. 22, 24.) The petition also alleged that Defendant had twice failed to meet with his probation officer on time and had left an approved location (dentist office) without obtaining CBI approval beforehand, although the petition did not list those instances as allegations. (Docs. 26, 34, 35.) Defendant was arrested that same day. (Doc. 24.) On March 11, 2020, at his pretrial release admit/deny hearing, Defendant admitted that he had used fentanyl as alleged in the petition. (Doc. 29.) The Court found that Defendant had violated the conditions of his pretrial release. (*Id.*) A disposition hearing was set for March 27, 2020, so that Pretrial Services could explore other treatment options for Defendant. (*Id.*) The disposition hearing was continued once due to court-wide COVID-19 cancellations and on April 1, 2020, Magistrate Judge D. Thomas Ferraro vacated the disposition hearing, determined that an evidentiary hearing was not necessary, and ordered Defendant detained. (Doc. 32.)

According to the Pretrial Services Supplemental Report, Defendant was screened by Crossroads drug treatment facility in Phoenix, Arizona to determine Defendant's suitability for placement at the facility. (Doc. 33.) During the screening, the Crossroads representative asked Defendant if he wanted treatment and he reportedly stated, "I just want to get out of custody." (*Id.*) The representative noted that the defendant also stated that if he found drugs on the property of Crossroads, he would use again. (*Id.*) Following the screening, the representative determined Defendant was not suitable for placement. (*Id.*) Pretrial Services recommended detention of Defendant due to risk of nonappearance and danger to the community "based on his use of fentanyl while at Community Bridges,

his prior two departures without permission. . .his substance abuse history, his reported mental health diagnosis from 2015, his pending misdemeanor case, his failure to appear history, his prior criminal history and the nature of the alleged offense." (*Id.*) Pretrial Services believes the previously imposed conditions of release are insufficient to minimize the listed factors and the Government concurs. (*Id.*, Doc. 35 at 3.)

Defendant's Appeal argues that he is not a flight risk because he needs treatment for his drug addiction and because he is from and his entire family resides in Tucson, Arizona. (Doc. 35 at 3, 6.) Defendant argues that he should be released from custody because he suffers from severe asthma and his incarceration during the COVID-19 pandemic poses a risk to his health. (*Id.* at 4-5.) Defendant further argues that his statement that he "just want[s] to get out of custody" was "confusing" because he had previously told Pretrial Services that he was committed to treatment and that the statement was taken out of context because he was referring to the potential health risks of incarceration due to COVID-19. (*Id.* at 4.) Regarding his criminal history, Defendant states that he has only a 2014 misdemeanor conviction for marijuana possession. (*Id.* at 6.) Defendant asks that he be reassessed for placement at a drug treatment facility or be released to the care of a suitable third-party custodian with additional release conditions requiring outpatient drug treatment. (*Id.*)

A defendant will be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In making an individualized detention determination, courts consider four factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to the community that would be posed by the person's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986). The United States

must establish flight risk by a preponderance of the evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). Detention proceedings may be reopened before trial if there is new information "that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other people and the community." 18 U.S.C. § 3142(f)(2).

Opposing release, the Government argues that, even if the COVID-19 pandemic is a changed circumstance that may be considered on a case-by-case basis under § 3142(f)(2), Defendant has presented no evidence that would materially alter the determination that no conditions of release exist to assure Defendant's appearance at future court proceedings. (Doc. 35 at 4.) The Government contends that there has been no change in the factors for the Court's consideration under § 3142(g), including the nature and circumstance of the offense, the weight of the evidence, Defendant's history and characteristics, the risk of nonappearance, or the nature and seriousness of the danger Defendant presents to the community due to the nature of the charge and substance abuse issues. (*Id.*). The Government cites *United States v. Martin*, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020), where the Court denied an appeal of an detention order by a detainee with asthma, high blood pressure, and diabetes, stating that "as concerning as the COVID-19 pandemic is," the Court's detention determination "must in the first instance be an individualed assessment of the factors identified by the Bail Reform Act." The Government notes that the Bail Reform Act instructs the Court to consider a defendant's "physical and mental health," 18 U.S.C. § 3142(g)(3)(A), but that Defendant has not reported any change in his physical condition. (*Id.* at 5.)

The Government further states that the CoreCivic facility where Defendant is currently incarcerated is taking numerous steps to minimize the risk of COVID-19 infection and transmission within its facility and argues that Defendant has not shown why these steps do not serve to mitigate the health risks posed by his incarceration. (*Id.* at 5-7.) These steps include screening of inmates and employees, quarantining detainees if necessary, identifying "high-risk" inmates, implementing increased sanitization measures, following Center for Disease Control (CDC) recommendations and instructing

inmates on the recommendations, and giving inmates face masks. (*Id.* at 5-7.) The Government contends that "the risk that Defendant will be infected with COVID-19 as a result of his detention is not clearly greater than it would be if he were released to live elsewhere in Arizona[.]" (*Id.* at 7.) Finally, the Government restates its position that Defendant continues to pose a flight risk due to the nature of the charge, his substance abuse issues, and the other reasons set forth in the Pretrial Services Bail Report (Doc. 5) and Supplemental Report (Doc. 33). (*Id.* at 7.)

The Court finds that there is no condition or combination of conditions that will reasonably assure Defendant's future appearance at court proceedings. First, considering the nature and seriousness of the offense charged, the Court finds that the alleged offense, bank robbery, is sufficiently serious to weigh in favor of Defendant's detention. Next, in considering the Defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history, the Court finds that this factor warrants Defendant's continued detention. Defendant's history of drug use, combined with his recent violation of pretrial release conditions and his statement that he would use again if given the opportunity, indicates that Defendant is suffering from a serious drug addiction. Furthermore, while Defendant has only one conviction for marijuana possession, the Court is concerned about the extent of Defendant's criminal history, including a recent failure-to-appear, as documented in the Pretrial Services Bail Report. (Doc. 5.) Defendant was unable to comply with his conditions of pretrial release while placed at CBI and was recently deemed not suitable for placement at the Crossroads treatment facility. Therefore, the Court finds that reevaluation for placement in another drug treatment facility is not appropriate at this time.

As for Defendant's incarceration in light of the COVID-19 pandemic, the Court finds that Defendant has not presented any new evidence related to his health that would indicate he is at a higher risk of contracting the virus than any other inmate in the CoreCivic facility. Defendant also has not shown that release would sufficiently mitigate the risks to his health posed by his incarceration to overcome the statutory factors

weighing in favor of Defendant's detention. Having conducted de novo review of the record, having reviewed the parties' briefing and the Pretrial Services reports, and having considered the factors set forth in 18 U.S.C. § 3142(g) as applied to Defendant, the Court finds that no condition or combination of conditions exists that will reasonably assure Defendant's appearance at future proceedings.

Accordingly,

**IT IS ORDERED** that Magistrate Judge D. Thomas Ferraro's Order of Detention (Doc. 32) is **affirmed**.

Dated this 8th day of May, 2020.

_____
Honorable Rosemary Márquez
United States District Judge